STATE, Respondent, *v.* BOROWCZYK, Appellant.

(No. 6,907.)

(Submitted November 2, 1931.   Decided November 17, 1931.)

[4 Pac. (2d) 1088.]

(1)

*Mr. M. S. Galasso* and *Mr. Clarence Hanley,* for Appellant, submitted a brief.

*Mr. L. A. Foot,* Attorney General, and *Mr. T. H. Mac-Donald,* Assistant Attorney General, for the State, submitted a brief; *Mr. MacDonald* argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

Defendant was convicted of the crime of assault in the first degree. His wife was the victim. The defense was insanity, "caused by reason of a loose course of conduct of the wife and complaining witness and persisted in for a long period of time, which conduct was sufficiently serious so as to cause the defendant to be insane at the time of the assault."

Upon the trial the defendant testified to his marital history and the discord with his wife; her conduct toward and relations with other men extending over a period of many years, and her refusal to cohabit with him. In rebuttal the wife was permitted to testify, over defendant's objection, that sev-

eral years prior to the assault, but within the time covered by defendant's testimony, defendant had had a venereal disease. She testified: "I did not feel the same towards my husband after that. That just turned me cold against him, and I still feel that way about it. Since that time I have not felt right towards my husband," and thereafter she refused to cohabit with him. Defendant asserts that this testimony was incompetent and highly prejudicial.

Clearly, defendant's testimony was intended to show that the wife's conduct and treatment of him was of such a nature as to unseat his reason, resulting in a "brain storm" or temporary insanity. The testimony in rebuttal controverted the showing made by defendant, and was competent. Defendant testified that his wife had refused to cohabit with him. This was one of the circumstances which led him to believe that she was intimate with other men. It was proper for the state to show the reason she refused to cohabit with defendant was due to his own misconduct, from which, taken in connection with all the other facts and circumstances shown by the record, the jury may well have determined that her alleged misbehavior did not cause his asserted temporary insanity. We can see no reason why we should interfere with its finding.

The judgment and the order denying a new trial are affirmed.

Mr. Chief Justice Callaway and Associate Justices Galen, Angstman and Matthews concur.